IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

MARVIN ARDIS, III                    *

     Petitioner,                    *

        v.                         *        1:04-CV-462-WKW
                                         (WO)

STATE OF ALABAMA, *et al.*,          *

     Respondents.                   *

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION AND PROCEDURAL HISTORY

_____This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed on May 12, 2004 by Petitioner Marvin Ardis ["Ardis"].  A Houston County Grand Jury indicted Ardis on March 19, 1999 on a charge of unlawful possession of marijuana in the first degree in violation of Ala. Code § 13A-12-213 (1975).  On April 23, 1999 Ardis advised the trial court that he wished to waive his right to an attorney.  On this same date the trial court formally arraigned Ardis and he entered a plea of not guilty.  (Doc. No. 6, Exh. A at pg. 2.)

Ardis was convicted on February 16, 2000 of the charge against him and the trial court sentenced him to four years imprisonment.  On appeal, the Alabama Court of Criminal Appeals reversed Ardis' conviction.  On return to state court, the trial court held a suppression hearing on November 5, 2001.  The trial court denied Ardis' motion to suppress

after which he entered a guilty plea to unlawful possession of marijuana in the first degree.[1]

The trial court sentenced Ardis as a habitual offender to three years imprisonment, ordered

him to pay a $2,000.00 Demand Reduction Assessment, $250.00 to the Victims

Compensation Fund, and fined him $750.00.[2] Before entering his guilty plea, Ardis

specifically reserved for review on appeal the issue of the trial court's denial of his motion

to suppress. (Doc. No. 6, Exhs. A, B, E.)

Ardis appealed his judgment and sentence to the Alabama Court of Criminal Appeals

["ACCA"].  On appeal, Ardis presented one issue for review.  He argued that the trial court

erred when it denied his motion to suppress the State's evidence.  On May 24, 2002 the

ACCA entered its unpublished opinion affirming the judgment and sentence of the trial court.

The ACCA denied Ardis' application for rehearing on June 21, 2002 and the Alabama

Supreme Court denied his petition for writ of certiorari on August 16, 2002. (Doc. No. 6,

Exhs. C-H.)

On April 23, 2003 Ardis filed a Rule 32 petition in the Circuit Court for Houston

County.  The trial court denied the petition on May 29, 2003. On June 10, 2003 the trial court

---

[1] The trial court appointed counsel to represent Ardis on retrial. Ardis appeared in court on November 5, 2001 with counsel.  Counsel, however, operated in a "back up" capacity for Ardis who wished to represent himself.  (Doc. No. 6, Exh. A at Transcript pgs. 4-5.)

[2] Ardis' sentence was suspended and he was placed on probation for three years. (Doc. No. 6. at pg. 1.)

denied Ardis' June 6, 2003 motion for reconsideration.  Ardis did not appeal the denial of his

post-conviction petition.[3]  (*See* Doc. No. 6, Exh. N.)

Ardis filed the instant application for federal habeas relief on May 12, 2004.[4]  He

presents a single issue for review. Namely, that the Houston County Sheriff's Department

violated his Fourth Amendment right against illegal searches and seizures where it  lacked

probable cause to search his residence.[5] (Doc. No. 1.)

## II. DISCUSSION

---

[3]According to the documents and records before the court,  Ardis did not appeal the trial court's decision because, on appeal, his affidavit in support of his claim of indigency was denied, and he did not have the funds necessary to have his case heard.  The documents filed in this matter reflect that state court did not rule on Ardis' request for leave to proceed *in forma pauperis* on appeal until January 8, 2004.  (*See* Doc. No. 6, Exhs. L-Q & U.) On January 14, 2003 Ardis filed a petition for writ of mandamus with the Alabama Court of Criminal Appeals.  He requested that the appellate court enter an order overturning the trial court's denial of his application for *in forma pauperis* status on appeal to facilitate his appeal of the denial of his Rule 32 petition. After receiving a response from the State with respect to Ardis' mandamus petition, the appeals court denied the petition on March 8, 2004.  On May 6, 2004 the Alabama Supreme Court denied Ardis' petition for writ of certiorari.  (*Id*., Exhs. R-V.)  In light of the state court proceedings and as noted by Respondents, Ardis' federal habeas petition does not appear to be barred by the statute of limitations.  28 U.S.C. § 2244(d).

[4]Before filing the instant habeas application, Ardis filed two habeas petitions with the court both of which were dismissed for failure to exhaust state remedies.  *See Ardis v. State*, Civil Action No. 1:03-CV-220-MHT (M.D. Ala. 2003) and *Ardis v. State*, Civil Action No. 1:03-CV-684-WHA (M.D. Ala. 2004).

[5]Ardis originally presented three claims for review in his federal habeas petition.  On February 14, 2005 he filed a motion to dismiss his claims concerning ineffective assistance of counsel and the State's use of perjured testimony at his suppression hearing  leaving only his Fourth Amendment claim for review by this court.  (*See* Doc. Nos. 9, 10, 14.)

*A. Exhaustion of State Remedies*

Under *Rose v. Lundy*, 455 U.S. 509, 510 (1982), before a Petitioner may seek habeas relief in federal court, he must exhaust each claim presented to the federal court by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U.S. 509, 510 (2982). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *O'Sullivan v. Boerckel*, 526 U. S. 838 (1999); 28 U.S.C. §2254(b) and (c). In Alabama, this may be accomplished by raising certain claims on direct appeal and by way of post-conviction proceedings. Exhaustion is not required if, at the time a federal habeas corpus petition is filed, petitioner has no available state remedy. *Teague v. Lane*, 489 U. S. 288, 297-98 (1989). Ardis exhausted his state remedies by presenting his claim on direct appeal.

*B. Disposition of Claim*

Respondents filed an answer to the instant petition in accordance with the provisions of Rule 5, *Rules Governing Section 2254 Cases in the United States District Courts*. They maintain therein that Ardis' Fourth Amendment illegal search and seizure claim was properly adjudicated on the merits by the state courts. *See Williams v. Taylor*, 529 U.S. 362, 404-05 (2000). Ardis took advantage of the opportunity granted to respond to the Respondents' contentions. (*See* Doc. Nos. 8, 17.) After reviewing the § 2254 petition, Respondents' answer, and Ardis' responses, the court concludes that no evidentiary hearing is required, and that the petition is due to be denied and/or denied as untimely in accordance

with the provisions of Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## C. Standard of Review

The Antiterrorism and Effective Death Penalty Act ["AEDPA'] amended the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state court convictions. Under the AEDPA, when a state court has adjudicated a claim, to obtain federal habeas relief a petitioner must show that a decision by the Alabama state courts was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(1) & (2);[6] *see Williams*, 529 U.S. at 412-13. A state court's decision can be "contrary to" federal law either (1) if it fails to apply the correct controlling authority, or (2) if it applies the controlling authority to a case involving facts "materially indistinguishable" from those in a controlling case, but nonetheless reaches a different result.

---

[6]28 U.S.C. § 2254(d) provides that:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim adjudicated on the merits in State court proceedings unless the adjudication of the claim:

(1)      resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or

(2)      resulted in a decision based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceedings.

5

*Id*. at 405-06.  A state court's decision can involve an "unreasonable application" of federal law if it either (1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or (2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable.  *Id*. at 407.  "Federal habeas relief is available under the 'unreasonable application' standard only if the state court's application of clearly established federal law was 'objectively unreasonable.'" *Parker v. Head*, 244 F.3d 831 (11th Cir. 2001) (*citing Williams*, 529 U.S. at 409).  It is the objective reasonableness, not the correctness *per se*, of the state court decision that this court must decide.  *See Williams*, 529 U.S. at 411.

A responsible, thoughtful decision that is made after a full opportunity to litigate suffices, "even if it is wrong." *Lindh v. Murphy*, 96 F.3d 856, 876-77 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320 (1997). Further, a state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  "However, the statutory presumption of correctness applies only to findings of fact made by the state court, not to mixed determinations of law and fact." *Parker*, 244 F.3d at 835 (*citing McBride v. Sharpe*, 25 F.3d 962, 971 (11th Cir. 1994)).

*D.  Fourth Amendment Violation*

6

Ardis asserts that his conviction was based on evidence obtained as a result of an unconstitutional search and seizure.  He contends, as he did on direct appeal, that there was no probable cause for issuance of the search warrant that led to his arrest and that, as a result, the evidence from the search  was inadmissable because it was obtained in violation of the Fourth Amendment.  (*See* Doc. Nos. 1, 8.)

On appeal, the ACCA rejected Ardis' claim that the trial court erroneously denied his motion to suppress because the affidavit submitted in support of the search warrant did not establish probable cause for its issuance where the officer who requested the warrant failed to corroborate information provided by the confidential informant. The appellate court found:

> The evidence at the suppression hearing revealed the following.  Jackie Smith, an investigator with the Houston County Sheriff's Department, testified that he had received information from "different subjects" on the other occasions concerning Ardis' involvement with drugs. (C . 15).  On May 14, 1998, Smith began to investigate Ardis after receiving information from "a couple" of confidential informants who stated that Ardis was selling marijuana.  (C. 7)  Smith knew one of these informants to be reliable because he had been used by Smith 20-30 times in the past, and had been used by Smith, together with another investigator, approximately one hundred times.  The informant told Smith that a black male known by the nickname "Vino", later determined to be Ardis, was currently in apartment 56, located at 705 North Lena Street, in possession of marijuana.   The confidential informant provided Smith a description of Ardis.
>
> Based on the information provided by the confidential informant, Smith testified that he presented an affidavit to Judge Steensland stating that he, "had received information that a black male, at the time known only as "Vino," was in possession of marijuana at [705 North Lena Street, Apartment 56]." (R. 8.)  The affidavit stated that the informant was reliable because the informant had, in the past, provided Smith information that had proven to be true.  "Vino" was described as tall, skinny, black male with gold teeth and short hair. Judge Steensland issued the search warrant, and the warrant was executed at

7

approximately 8:50 that evening – less than four hours[1] after Smith received the information from the informant.[2]

>FN1. Smith refused to testify as to the precise amount of time that elapsed between receiving the information and the execution of the warrant because, he said, this information might alert Ardis to the identity of the informant.

(Doc. No. 6, Exh. E at pgs. 2-3.) (Footnote 2 omitted).

As to Ardis' claim challenging the validity of the search warrant, the ACCA relied on *Franklin v. State*, 621 So.2d 364 (Ala.Crim.App. 1992) (which quoted *Illinois v. Gates*, 462 U.S. 213 (1983)), and *Money v. State*, 717 So.2d 38 (Ala.Crim.App. 1997), and found that "[b]ased on the totality of the circumstances, there was sufficient evidence to support the issuance of the search warrant in this case." (Doc. No. 6, Exh. E at pg. 7.)  The appellate court further found that "the officer's testimony concerning the reliability of the confidential informant sufficiently established the informant's veracity and basis of knowledge.  Thus, corroboration was unnecessary.  Because a known and reliable informant had just seen Ardis in possession of the marijuana, there certainly existed a fair probability that contraband would be found in the apartment at that time. The trial judge properly denied Ardis' motion to suppress the State's evidence."  (*Id*. at pg. 8.)

The court need not belabor its discussion of Ardis' Fourth Amendment claim. Under *Stone v. Powell,* 428 U.S. 465, 482 (1976), "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Both the state trial court

and court of appeals applied the appropriate Fourth Amendment standards to Ardis' argument and found that the challenged search was reasonable. Under such circumstances, this court is precluded from reviewing the state court decision. *See Peoples v. Campbell*, 377 F.3d 1208 , 1225(11th Cir. 2004) (quoting *Stone*, 428 U.S. at 494); *Morgan v. Estelle*, 588 F.2d 934, 940 (5th Cir. 1979).

The record shows that Ardis fully and fairly litigated the admissibility of the evidence in the state courts. Prior to trial, a hearing was held on Ardis' motion to suppress evidence based on an unlawful search and seizure by a law enforcement officer who allegedly lacked probable cause because of an insufficient affidavit. The trial judge denied the motion and bound Ardis over for trial. Ardis then expressed his desire to plead guilty to unlawful possession of marijuana in the first degree. As indicated above, Ardis also raised his Fourth Amendment claim on direct appeal. (Doc. No. 6, Exhs. A, C-H.

Based on the record, the court concludes that Ardis had a full and fair opportunity to litigate his Fourth Amendment claim in the state courts. As a result, this court is precluded from considering the issue raised in his petition for writ of habeas corpus based on *Stone v. Powell*, 428 U.S. 465, 494. Ardis' request for habeas relief based on a violation of the Fourth Amendment, therefore, should be denied.

## III. CONCLUSION

9

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Petitioner Marvin Ardis be DENIED and DISMISSED with prejudice.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **June 6, 2006**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th  Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 23rd day of May 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE